DA 12-0073

# IN THE SUPREME COURT OF THE STATE OF MONTANA

## 2012 MT 233N

IN RE THE MARRIAGE OF:

RICKY STINDT,

        Petitioner and Appellant,

   and

MARSHA STINDT,

        Respondent and Appellee.

APPEAL FROM:    District Court of the Nineteenth Judicial District,
                  In and For the County of Lincoln, Cause No. DR 11-54
                  Honorable James B. Wheelis, Presiding Judge

COUNSEL OF RECORD:

        For Appellant:

                Peter Francis Carroll; Attorney at Law, Kalispell, Montana

        For Appellee:

                Scott G. Hilderman; Attorney at Law, Kalispell, Montana

                                Submitted on Briefs:  September 4, 2012

                                         Decided:   October 22, 2012

Filed:

                    _____
                             Clerk

Chief Justice Mike McGrath delivered the Opinion of the Court.

¶1 Pursuant to Section I, Paragraph 3(d)(v), Montana Supreme Court Internal Operating Rules, this case is decided by memorandum opinion and shall not be cited and does not serve as precedent. Its case title, cause number, and disposition shall be included in this Court's quarterly list of noncitable cases published in the Pacific Reporter and Montana Reports.

¶2 Ricky Stindt (Ricky) appeals from findings of fact, conclusions of law, and a final order and decree of dissolution of his marriage to Marsha Stindt (Marsha) by the Nineteenth Judicial District Court, Lincoln County. Ricky argues on appeal that the District Court erred by granting Marsha custody of A.S., their minor child, and by ordering Ricky to pay Marsha spousal maintenance. We affirm.

¶3 Ricky and Marsha were married on June 14, 1986. They moved to Troy, Montana after Ricky retired from the military. Ricky works full time at the Troy Mine, and Marsha works part time at local restaurants. The parties had three children together, but only A.S., who is now seventeen years old, is a minor. Marsha and Ricky separated in 2006, and A.S. has lived with Marsha since the parties' separation.

¶4 On April 20, 2011, Ricky petitioned for dissolution of his marriage to Marsha. The parties were the only witnesses to testify during the bench trial that the District Court held on November 10, 2011, but the court also interviewed A.S. in chambers on November 15 pursuant to § 40-4-214, MCA. The parties had already divided their marital property and agreed to the child support calculations, so the only issues left for

2

the court to decide were which parent would get primary custody of A.S. and whether spousal maintenance would be awarded.

¶5     The District Court issued findings of fact, conclusions of law, a final decree of dissolution of marriage, and an order for a parenting plan on December 27, 2011.  The court found that A.S. should continue living with Marsha and ordered Ricky to pay Marsha $1,500 in spousal maintenance each month until she receives Social Security Disability, Social Security Retirement, and health insurance through Medicare or Medicaid.  After Marsha qualifies for those benefits, the maintenance payments will be reduced to $1,000 per month.

¶6     Ricky first argues on appeal that the District Court made a number of erroneous findings that led it to incorrectly conclude that it was in A.S.'s best interests to primarily reside with Marsha.  We review findings of fact in a child custody matter to determine whether they are clearly erroneous.  *In re Marriage of Everett*, 2012 MT 8, ¶ 11, 363 Mont. 296, 268 P.3d 507.  Because the trial judge as factfinder is in a better position to weigh the evidence, we will not overturn a child custody award absent a clear abuse of discretion.  *Everett*, ¶ 11.

¶7     Upon review, we find substantial evidence in the record to support the District Court's finding that it is in A.S.'s best interests to continue living with Marsha.  First, Marsha has been A.S.'s custodial parent since the parties separated.  Additionally, Marsha testified that prior to 2011, Ricky infrequently exercised visitation with A.S. and would not always show up when he did make plans for visitation.  Marsha also testified

3

that A.S. was on probation at the time of trial and that one of the terms of his probation was that he had to live with her.

¶8 While A.S. testified that he would rather live with Ricky, the court is charged with reconciling conflicting evidence and making the ultimate determination of what is in the child's best interests. *In re Parenting of N.S.*, 2011 MT 98, ¶ 20, 360 Mont. 288, 253 P.3d 863; *In re Marriage of Kovash*, 260 Mont. 44, 51, 858 P.2d 351, 355 (1993). We specifically note that Marsha's proposed parenting plan, which Ricky claims does not exist, was attached to Marsha's Proposed Findings of Fact and Decree of Dissolution of Marriage filed on November 9, 2011. The court did not abuse its discretion by adopting that proposed parenting plan and granting Marsha primary residential custody of A.S.

¶9 Ricky also argues that the District Court erred by awarding Marsha lifetime spousal maintenance. He asserts that the court incorrectly determined that Marsha could not support herself and failed to properly assess Marsha's needs and Ricky's ability to pay maintenance. While a district court must consider the factors listed at § 40-4-203(2), MCA, it does not have to make specific findings relating to each factor individually. Rather, the court's findings need only show that it considered the factors when making its determination. *In re Marriage of Jackson*, 2008 MT 25, ¶ 23, 341 Mont. 227, 177 P.3d 474. Here, the District Court heard extensive testimony and made findings regarding Marsha's current and past employment as well as her numerous medical conditions and related expenses. The court also heard testimony and made findings regarding Ricky's income and needs, as required by § 40-4-203, MCA. We hold that the District Court's

analysis was adequate and that after reviewing the record, we find sufficient evidence to support the District Court's maintenance award to Marsha.

¶10     We have determined to decide this case pursuant to Section I, Paragraph 3(d) of our 1996 Internal Operating Rules, as amended in 2006, which provides for memorandum opinions.  There was not a clear abuse of discretion, and we find no reason in fact or law to disturb the District Court's order.

¶11     Affirmed.

/S/ MIKE McGRATH

We concur:

/S/ BETH BAKER
/S/ MICHAEL E WHEAT
/S/ JIM RICE
/S/ BRIAN MORRIS